## Idel Diddea, Executrix, Appellant, v. W. T. Page, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. William B. Wright, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Idel Diddea, executrix of the estate of Frank Diddea, deceased, plaintiff, against W. T. Page, defendant, in the Circuit Court of Fayette county, to recover damages for deceit in a transaction in which plaintiff's testator exchanged property for an alleged worthless note and certain cash. From a judgment for defendant, plaintiff appeals.

F. M. Guinn, for appellant.

Albert & Albert, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. Trial, § 195*—*when verdict erroneously directed.* In an action for damages for fraud and deceit in falsely representing that a note secured by mortgage and given on an exchange for land was good and that the maker was solvent, where there was evidence tending to show that defendant had no title when he sold the land, that the land was worth only about one-tenth of the face of the note, and there was improperly excluded evidence that defendant had at one time traded the note to a third person who, upon finding that the note and mortgage were worthless, compelled defendant to take them back upon threat of a criminal prosecution, *held* that the court erroneously refused to direct a verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. Fraud, § 100*—*when evidence as to worthlessness of note improperly excluded.* In an action for damages for fraudulently representing that a note and mortgage accepted by plaintiff on an exchange were good and that the maker was solvent, *held* that evidence that defendant had, prior to the exchange, traded the note to a third person who, upon finding that the note was worthless, compelled defendant to take it back upon threat of a criminal prosecution, was improperly excluded.